IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DWIGHT CLENDENNIN,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　)　　Civil Action No.:
　　　　　　　　　　　　　　　　　)
MAGIC BROADCASTING II, LLC,　　　)
　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　)
_____　 )

## **COMPLAINT**

COMES NOW the Plaintiff, DWIGHT CLENDENNIN, ("PLAINTIFF"), and files this Complaint against Defendant, MAGIC BROADCASTING II, LLC. ("DEFENDANT") respectfully stating unto the Court the following:

## **GENERAL ALLEGATIONS**

1. This is a cause of action to recover damages, attorney fees, and other relief from DEFENDANT for violations of 42 U.S.C. §§ 12101, *et seq.* and the Florida Civil Rights Act ("FCRA").

2. At all material times, PLAINTIFF was a citizen and resident of Bay County, Florida.

3. At all material times, DEFENDANT was a Florida corporation that operated radio stations in Panama City, Florida, which is where PLAINTIFF worked at all material times.

**BACKGROUND**

4. In 2018, DEFENDANT hired PLAINTIFF to work as a producer for WYOO's morning show.

5. At all relevant times, DEFENDANT acted through its officers, agents, servants and employees.

6. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331.

7. At all relevant times, PLAINTIFF was qualified for every position he held with DEFENDANT.

8. In January 2019, PLAINTIFF was involved in a horrific motorcycle accident which nearly caused him to lose his left leg and required six surgeries to prevent him from having his leg amputated.

9. As a result of the accident, PLAINTIFF suffered a permanent disability to his leg and he continues to have trouble performing major life activities including walking and standing.

10. On or about March 8, 2019, PLAINTIFF returned to work with a doctor's note that said he was cleared to return to work and in that note, PLAINTIFF requested reasonable accommodations from DEFENDANT, namely that he required the use of crutches and he had to limit the amount of weight he could put on his leg.

11. DEFENDANT regarded PLAINTIFF as disabled after PLAINTIFF'S supervisor saw PLAINTIFF him climb two flights of stairs while using crutches and he advised PLAINTIFF that DEFENDANT would need to have its legal department review PLAINTIFF'S doctor's note.

12. On or about April 4, 2019, DEFENDANT communicated its decision to terminate

PLAINTIFF'S employment.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

13. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

14. PLAINTIFF had a disability and/or DEFENDANT regarded PLAINTIFF as disabled.

15. PLAINTIFF was qualified to work as a producer and could have performed his job with reasonable accommodations, namely being allowed to use crutches, support his injured leg while seated, or working on the first floor of DEFENDANT'S offices so that it would be unnecessary to climb stairs.

16. Rather than accommodate him, DEFENDANT terminated PLAINTIFF and this decision was motivated at least in part by PLAINTIFF'S disability and/or perceived disability and DEFENDANT'S intent to not accommodate PLAINTIFF.

17. As a result, PLAINTIFF has suffered embarrassment and humiliation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, backpay, front pay, benefits and other economic relief, pre- and post-judgment interest, damages for emotional pain and suffering, attorney fees and costs of litigation, reinstatement to his former position, punitive damages, and other relief by reason of DEFENDANT'S violations of the ADA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

18. The General Allegations and Background above are hereby incorporated by reference as though fully set forth herein.

19. At all relevant times, PLAINTIFF was a qualified worker with a disability.

20. Upon information and belief, DEFENDANT terminated PLAINTIFF because of PLAINTIFF'S disability and/or perceived disability, or to prevent having to provide PLAINTIFF with a reasonable accommodation.

21. Upon information and belief, the reason for PLAINTIFF'S termination was his disability and/or perceived disability, or at the very least, these were a motivating factor in the decision to terminate PLAINTIFF.

22. As a result, PLAINTIFF has suffered embarrassment and humiliation.

WHEREFORE, PLAINTIFF demands judgment against DEFENDANT and respectfully prays the Court that PLAINTIFF will recover nominal damages, backpay, front pay, benefits and other economic relief, punitive damages, pre- and post-judgment interest, damages for his emotional pain and suffering, attorney fees and costs of litigation, reinstatement to his former position, punitive damages, and other relief by reason of DEFENDANT'S violations of the FCRA; for a trial by jury on all issues so triable; and, for such other and further relief as the Court may deem just and proper.

Dated:  January 11, 2020            Respectfully submitted,

**THE LAW OFFICE OF MATTHEW BIRK**


**/s/ Matthew W. Birk**
**Matthew W. Birk**
Florida Bar No.:  92265
309 NE 1st Street
Gainesville, FL  32601
(352) 244-2069
(352) 372-3464 FAX
mbirk@gainesvilleemploymentlaw.com
ATTORNEYS FOR PLAINTIFF